## UNITED STATES v. SOUTHERN ADVANCE BAG & PAPER CO., Inc., et al.

### Cr. Action No. 9997.

District Court, W. D. Louisiana, Monroe Division.

March 22, 1942.

106

Malcolm E. Lafargue, U. S. Atty., John A. Patin, Asst. U. S. Atty., and Jared Y. Fontenot, Asst. U. S. Atty., all of Shreveport, La., for plaintiff.

Madison, Madison & Files and McHenry, Lamkin & Titche, all of Monroe, La., for defendants.

DAWKINS, District Judge.

Defendants are charged in an indictment of twelve counts with violating provisions of the Fair Labor Standards Act of 1938, Sections 201, et seq. of Title 29 U.S. C.A. The first eight counts are the same except as to dates and places of destination to which the paper was shipped, and allege that defendants "did willfully, knowingly and unlawfully transport, offer for transportation, ship, deliver and sell from a point within the State of Louisiana, namely, Advance, Louisiana, to a point without the State of Louisiana in the State of Maryland, goods, to-wit, paper, consigned to Southern Advance Bag and Paper Company, Inc., Baltimore, Maryland, manufactured and produced for interstate commerce, in the production of the principal ingredient, to-wit, pulp wood, producers employed employees to whom they paid wages at a rate less than 25¢ an hour * * *."

Counts nine to twelve, both inclusive, are all similar, except as to dates, and charge that the defendants "did willfully, knowingly, and unlawfully transport, offer for transportation, ship, deliver and sell from a point without the State of Louisiana in the State of Arkansas, to-wit, Emerson, Arkansas, to a point within the State of Louisiana, to-wit, Advance, Louisiana, goods, to-wit, pulp wood, consigned to the defendant corporation by B. A. Moody & Company, Emerson, Arkansas, which pulp wood was produced for interstate commerce, and in the production of which producers employed employees to whom they paid wages at a rate of less than 25¢ an hour."

Defendants have attacked the indictment upon the following grounds:

1. By an exception to the jurisdiction as to counts nine to twelve, both inclusive;

2. A demurrer and motion to quash; and

3. A motion for a bill of particulars.

### Exception to the Jurisdiction

■■ The exception to the jurisdiction is that the bill shows the offenses, if any, were committed in the State of Arkansas, and not in Louisiana or this District.

All counts of the indictment are made under the provisions of Subsection (a) (1) of Section 215 of Title 29 U.S.C.A. which declares that: " * * * it shall be unlawful for any person—(1) to transport, offer for transportation, ship, deliver, or sell in commerce, or to ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which any employee was employed in violation of section 206 or section 207, or in violation of any regulation or order of the Administrator issued under section 214; except that no provision of this chapter shall impose any liability upon any common carrier for the transportation in commerce in the regular course of its business of any goods not produced by such common carrier, and no provision of this chapter shall excuse any common carrier from its obligation to accept any goods for transportation; * * *."

The indictment is couched in the language of the statute itself, and in each count, charges that the defendants did commit all of the acts disclosed as crimes in this Sub-section, to-wit, that they did "transport, offer for transportation, ship, deliver, or sell * * *". The words "transport" and "deliver" are broad enough to include the moving of goods from the alleged point of origin, Emerson, Arkansas, to the point of destination, Advance, Louisiana, but the same can not be said as to the other offenses "offer for trans-

portation", "ship", and "sell". Giving these words their natural and ordinary meaning, the offering for transportation would be complete when the goods were tendered to the transportation company with the requisite knowledge that they had been produced in violation of the statute, and the fact that they were actually carried to the destination would not purge the offense of offering for transportation, but would be merged into the offenses of transporting or delivering. The same would be true of the selling or shipping, provided they were done "with knowledge that shipment or delivery or sale thereof in commerce is intended". It would seem, therefore, that in so far as the offense of selling, offering for transportation and shipping are concerned, they were committed outside this District, and this court would have no jurisdiction to try them if they were not merged into transporting or delivering. But as to the charges that the defendants did "transport" and "deliver" from a point without the State of Louisiana and in the State of Arkansas * * * to a point within the State of Louisiana * * *", this court does have jurisdiction, since these were offenses of a continuing nature which were finally consummated when transportation was completed into this District, or the goods were delivered at Advance, Louisiana, in Jackson Parish, as alleged. It was not necessary for any of the defendants to have been personally present during the process of transporting or delivering, if they knowingly caused it to be done by others, since the Federal statute makes all those who advise, aid, abet or assist in the commission of a crime principals.

### Demurrer and Motion to Quash

In the demurrer and motion to quash, it is contended that none of the twelve counts charge an offense under this statute, because they were too "general and indefinite" to serve, after conviction or acquittal, as a bar to further prosecution, and particularly (1) it is not alleged that any of the defendants employed the persons to whom the sub-standard wages were paid, or (2) that they produced any of the pulp wood; or (3) as to counts one to eight, inclusive, who manufactured the paper and to whom the low wages were paid. (4) Further, that in counts nine to twelve, inclusive, it is alleged that the pulp wood was shipped by "B. A. Moody & Company, Emerson, Arkansas", and they do not charge any of the defendants with any acts constituting an offense; (5) that none of the said counts disclose who the producers of the wood were, who were the employees to whom the wages complained of were paid, or the period of time covered thereby.

The counts of the indictment track substantially the language of the statute, and are sufficient, it would seem, to charge offenses, especially since it alleged as to all counts that the shipments in interstate commerce were made both as to the pulp wood, and the paper, with the knowledge that the wood had been produced by persons, paid sub-standard wages in violation of the Act. It was not necessary to allege that the defendants caused the transporting and delivering through others, or whether by rail or truck, to constitute the offenses, since they would have been committed in either event. Nor would the indictment, as against a demurrer or motion to quash, have to give the names of the employers or employees under the agreements by which the pulp wood was produced without paying minimum wages. These were matters of evidence except that under a motion for a bill of particulars some of the information can be required to enable defendants to more readily prepare their defenses.

My view is that the demurrer and motion to quash should be overruled.

### Motion for a Bill of Particulars

If it be true that the defendants transported or delivered the wood with the knowledge that it had been produced in violation of the Act as to wages paid, it would not necessarily follow that they knew the persons to whom these sub-standard payments of wages had been made, if the wood was purchased from individual contractors. They may have made the purchases for such prices as to create a belief that the minimum wages had not been paid, but this would not necessarily fasten upon them actual knowledge such as to subject them to criminal responsibility. So, I think that the counts nine to twelve, both inclusive, should give the names of the contractors or sellers who produced the wood, to permit the defendants to check with their own records to ascertain if the sub-standard wages were paid, in preparing their defense. It is not required that the Government shall give the names of all employees. The burden

will rest upon the prosecution to prove beyond a reasonable doubt as to the first eight counts that the paper shipped in each instance was manufactured, at least in part, from pulp wood which had been produced for interstate commerce in violation of the statute, that is, by the payment of substandard wages for the cutting of it, and that at the time, it was intended to be shipped in such commerce.

Otherwise, the motions and exceptions are over-ruled.